```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------
AMERICAN INDEPENDENT COCKPIT ,
ALLIANCE, INC., on behalf of former            No. 1:13-cv-01097
TWA Pilots,
                    Appellant,

          v.

AMR CORPORATION, et al.,

                    Appellees.
----------------------------------------------------------------
```

## MOTION TO SUPPLEMENT RECORD ON APPEAL

The Appellant, American Independent Cockpit Alliance, Inc. ("AICA"), hereby moves to supplement the record on appeal in order to include in the record the following two documents:

(i) the Opinion and Award, dated July 22, 2013, in the arbitration between American Airlines, Inc., and Allied Pilots Association and its AA and TWA Pilot Committees; and

(ii) the Opinion, dated September 12, 2013, in the arbitration between American Airlines, Inc., and Allied Pilots Association and its AA and TWA Pilot Committees.

These two arbitration decisions, while not considered by the bankruptcy court in reaching its decision because they were issued after the date of the order appealed from, should be included in the record on appeal because they are necessary to afford this Court a complete understanding of the case.

## BACKGROUND

1.  On November 29, 2011, American Airlines, Inc. ("American") filed a petition for relief under Chapter 11 of the Bankruptcy Code. (Bankr. Case No. 11-15463-SHL). Subsequently, American filed a motion pursuant to 11 U.S.C. § 1113 to reject its collective bargaining agreement ("CBA" or "contract") with its pilots' union, the Allied Pilots Association

1

("APA").

2.  On September 4, 2013, the Bankruptcy Court authorized American to reject the contract, including Supplement CC, an agreement between American and APA that was entered into primarily for the purpose of guaranteeing certain positions for former TWA pilots at the St. Louis hub that American inherited from TWA.

3.  After rejection of the contract, American and the APA reached a tentative agreement on a new collective bargaining agreement, which was ratified by American's pilots. The new CBA included Letter of Agreement 12-05 ("LOA 12-05"), which established an arbitration process "to determine what alternative contractual rights should be provided to TWA Pilots as a result of the loss of flying opportunities due to termination of Supplement CC and the closing of the STL base."  (LOA 12-05 at 1).

4.  On December 19, 2012, the Bankruptcy Court approved American's entry into the new collective bargaining agreement, including LOA 12-05.  On January 2, 2013, AICA filed a notice of appeal of the order on the grounds that the arbitration process created by LOA 12-05 violates the Railway Labor Act by failing to include the former TWA Pilots as a party to the arbitration.  All briefing in the appeal by Appellant and Respondents is complete.

5.  On July 22, 2013, the LOA 12-05 arbitration panel released its Opinion and Award.  (Exhibit A).

6.  On September 12, 2013, the LOA 12-05 arbitration panel released its Opinion containing the specific contractual language that will be adopted to implement the Award. (Exhibit B).

7.  The decisions issued by the LOA 12-05 arbitration panel demonstrate that the anticipated devastating impact on the former TWA Pilots has come to pass.  As a result of this

pre-ordained arbitration process, the TWA Pilots will suffer substantial harm, including, but not limited to the following: (i) the loss of several hundred Captains positions that were guaranteed by Supplement CC; (ii) the inability of former TWA Pilots to share in the expansion of the airline in the merger with US Airways; (iii) the loss of former TWA Pilots' ability to bid their seniority amongst themselves, which was included in Supplement CC to partially mitigate the harm caused by the draconian seniority numbers that were assigned to the former TWA Pilots by Supplement CC; (iv) the LOA 12-05 award relegates the great majority of former TWA Pilots to permanent reserve status**,** destroying the quality of life that these pilots held under Supplement CC; (v) the LOA 12-05 award gives American the unrestricted ability to change the former TWA Pilots' domiciles at will amongst American's "cornerpost domiciles," denying to the former TWA Pilots the ability that all American pilots have of moving to their domicile and being certain that they can begin and end their flight sequences from home.

### THE LOA 12-05 ARBITRATION DECISIONS SHOULD BE INCLUDED IN THE RECORD ON APPEAL

8. "Documents not considered by the bankruptcy court in reaching its decision may be included in the record on appeal provided that the appellate court is informed that such materials were not considered by the trial court in reaching its decision in the matter appealed." *In re Candor Diamond Corp.*, 26 B.R. 844, 846 (Bankr. S.D.N.Y. 1983), *citing In re Food Fair, Inc.,* 15 B.R. 569 (Bankr. S.D.N.Y. 1981). *See also*, *United States v. Aulet*, 618 F.2d 182, 187 (2d Cir. 1980) ("Where anything material to a claim on appeal is omitted from the record, this Court, under authority of Rule 10(e), Fed.R.App.P., may, 'on proper suggestion or of its own initiative' direct that a supplemental record be certified and transmitted"); *In re Capital Cities/ABC, Inc*., 913 F.2d 89, 97 (3d Cir. 1990) ("on occasion … we have employed [Fed. R. App. P.] Rule 10(e) to add to the record material not first presented to the district court").

9.     In this case, which involves the appeal of an order approving an arbitration process, AICA submits that the decisions resulting from that process should be added to the record on appeal.

10.    AICA argues in its appeal that the arbitration process created by LOA 12-05 was unlawfully predetermined in two respects:  1) it excluded the TWA pilots as a party, in violation of basic concepts of equity and federal case law precedent, and 2) it prohibited the arbitrator from addressing the very seniority issue which was the basis for creating the offset of the STL protections that were part of Supplement CC.  The LOA 12-05 arbitration decisions now confirm that (1) the TWA pilots did not have separate party status at the hearing (the only parties were American and APA, and the APA-selected pilot committees); and (2) the Panel did not seek to "re-establish, reproduce or replicate Supplement CC or its customized preferences."  (Opinion and Award, July 22, 2013, at 5).

## CONCLUSION

AICA, on behalf of the former TWA Pilots, respectfully requests that the Court permit AICA to supplement the record on appeal in order to include in the record the LOA 12-05 arbitration decisions.

Dated: September 27, 2013

*/s/ Stanley J. Silverstone*
_____
Lee Seham
Stanley J. Silverstone
Lucas K. Middlebrook
SEHAM, SEHAM, MELTZ & PETERSEN, LLP
445 Hamilton Avenue, Suite 1204
White Plains, NY 10601
Tel. (914) 997-1346

*Attorneys for American Independent Cockpit Alliance, Inc., on behalf of former TWA Pilots*